## No. 25695

The City of Lakewood, Colorado, a Municipal Corporation, on behalf of the People of the City of Lakewood and the State of Colorado v. The District Court in and for the First Judicial District of Colorado and Christian D. Stoner as Judge of the District Court

(506 P.2d 1228)

Decided March 5, 1973.

Raymond C. Johnson, City Attorney, Douglas S. Wamsley, Deputy, for petitioner.

No appearance for respondent.

MR. JUSTICE GROVES delivered the opinion of the Court.

Daniel J. Montana was charged with a violation of the assault ordinance of the City of Lakewood, which is not a home rule city. The Lakewood Municipal Court denied his motion to dismiss the charge. The motion was based on the ground that the ordinance was pre-empted by the state assault statute, C.R.S. 1963, 40-2-35. Montana then petitioned the respondent district court for relief in the nature of prohibition, again alleging state pre-emption of the assault ordinance.

The respondent district court stayed further proceedings in the municipal court on the ground that the municipal court would "exceed its jurisdiction unless ordered to desist by this court." Lakewood then filed an original proceeding here. We issued a rule to the respondent to show cause why it accepted jurisdiction of Montana's petition for relief in the nature of prohibition and why its stay order should not be vacated. The respondent has not answered and we now make our rule

absolute.

■ In his petition to the district court for relief in the nature of prohibition, Montana's only argument was that the assault ordinance had been pre-empted by the state assault statute, C.R.S. 1963, 40-2-35. Montana, however, was charged with an ordinance violation occurring on July 7, 1972. On July 1, 1972, the Colorado Criminal Code took effect and 40-2-35 was repealed. Although it could be argued that the municipal assault ordinance was pre-empted by the assault provisions of the Colorado Criminal Code, 1971 Perm. Supp., C.R.S. 1963, 40-3-201 through 40-3-204, it could not be argued that the ordinance was pre-empted by 40-2-35.

■ C.R.C.P. 106(a)(4) provides, in part, that relief in the nature of prohibition will lie in the district court where an inferior court has exceeded its jurisdiction and there is no plain, speedy and adequate remedy. The district court could not have found that the municipal court would exceed its jurisdiction on the ground that the municipal assault ordinance was pre-empted by C.R.S. 1963, 40-2-35. Further, the district court failed to find that Montana lacked a plain, speedy and adequate remedy. Under these circumstances, we believe that prohibition in the district court would not lie.

At the time we issued a rule to show cause in this matter, we assumed that there would be an adversary proceeding. Also, we thought that possibly we might be able to rule on the question of whether this ordinance has been pre-empted by the new Criminal Code. With no appearance on the part of the respondents, we deem it unwise at this time to attempt to determine whether Lakewood's ordinance is valid.

MR. JUSTICE KELLEY does not participate.